# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIC WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1419 SPM |
| | ) | |
| PAUL BLAIR, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by self-represented Petitioner Demetric Williams.  Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of fees and costs, in this matter.  ECF No. 2.  Based on a review of his motion and financial information submitted in support, the motion to proceed *in forma pauperis* will be granted and the filing fee will be waived.  *See* 28 U.S.C. § 1915(a).  Furthermore, after Petitioner initiated this suit with an unsigned petition, the Court directed that the petition be returned to him for signature.  ECF No. 7.  Petitioner filed a signed petition on January 6, 2022.  ECF No. 8.  Based on a review of that signed petition, the Court finds that this § 2254 habeas case is successive and that Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition.  As such, the petition will be denied and dismissed.  *See* 28 U.S.C. § 2244(b)(3)(A).

## Background

**I.     Petitioner's State Court Conviction**

Based on an independent review on Missouri Case.net, the State of Missouri's online docketing system, the Court finds that Petitioner was found guilty by a Missouri jury of first-degree

murder and armed criminal action in May 1995. *State v. Williams*, No. 22931-02069-01 (22nd Jud. Cir. 1993). Petitioner was sentenced to consecutive terms of life without the possibility of parole. His motion for post-conviction relief under Rule 29.15, *Williams v. State*, No. 2295P-03468 (22nd Jud. Cir. 1995), was denied on March 4, 1996.

**II.     Petitioner's Prior Habeas Filing in this Court**

Petitioner Williams (Missouri inmate no. 515703) filed a § 2254 petition in this Court concerning his 1995 Missouri conviction for murder and armed criminal action in May 1997. *Williams v. Bowersox*, No. 4:97-cv-1098-TCM, ECF No. 1 (E.D. Mo. filed May 23, 1997). Petitioner was appointed pro bono counsel to represent him in the matter. *Id.* at ECF No. 31. However, in September 2000, his petition was denied and dismissed. *Id.* at ECF Nos. 48-49. The Eighth Circuit Court of Appeals denied petitioner an application for a certificate of appealability and dismissed his appeal in 2001. *Id.* at ECF Nos. 54, 58. Nine years later, in 2010, Petitioner filed a letter with the District Court, construed as a Motion for Reconsideration. *Id.* at ECF No. 62. In the letter, Petitioner argued that his habeas petition did not get a "fair shake." He alleged that his attorney asserted an argument that two jurors in his state-court trial made bias statements during voir dire, but Petitioner did not want him to make that argument. Petitioner also alleged that the judge had a personal grudge against him. Plaintiff's motion to reconsider was denied without comment in September 2010. *Id.* at ECF No. 63.

### Instant § 2254 Petition

Petitioner challenges his 1995 Missouri state court conviction for first degree murder and armed criminal action. ECF No. 8 at 1. He admits to filing a habeas petition in 1997 with this Court concerning this conviction, and that it was denied in 2000. *Id.* at 4. He seeks review based on the grounds that: (1) he was denied a fair and impartial trial because he alleges that he was

2

incompetent at the time of his trial and could not assist with his defense; (2) his due process was violated when the trial court did not grant a motion to suppress a coerced confession; and (3) his constitutional rights were violated and he was prejudiced because his counsel did not have time to investigate the members of the jury panel before trial. *Id.* at 5-9. As to the timeliness of the petition filing, Petitioner's states as an explanation for why the statute of limitations should not bar his petition: "Because I am mentally incompetent and also because the institution has not provided me legal assistance, I have not been able to continue with my legal process." *Id.* at 14.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Here, it plainly appears that Petitioner is not entitled to relief because his petition is successive. To the extent Petitioner seeks to relitigate claims that he brought in his first petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this

3

Court. 28 U.S.C. § 2244(b)(3)(A). There is no evidence in the record that Petitioner has sought or received such permission. Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this petition must be denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the petition and amended petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF Nos. 1 & 8] are **DENIED and DISMISSED without prejudice, as successive**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of February, 2022.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**